**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ETHEL WEST AND JAMES JR. WEST, | § | |
| Plaintiffs, | § | |
| V. | § | |
| | § | |
| ATTORNEY GENERAL CHILD | § | A-15-CV-0733-SS-ML |
| SUPPORT, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiffs' Complaint [Dkt. #1], Motion to Proceed in Forma Pauperis [Dkt. #2], and Motion to Appoint Counsel [Dkt. #3]. Because Plaintiffs are requesting permission to proceed in forma pauperis, the merits of their claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

**I.     REQUEST TO PROCEED IN FORMA PAUPERIS**

The undersigned has reviewed Plaintiffs' financial affidavit and determined they are indigent and should be granted leave to proceed in forma pauperis. It is therefore ORDERED that Plaintiffs are GRANTED in forma pauperis status and that the complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action may be dismissed if the

allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiffs are further advised, although they have been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiffs' claims.   Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIMS

### A.    Factual Allegations

This case, brought by Ethel West and James Jr. West ("West") against the Texas Attorney General's Office, duplicates many of the factual allegations made by Ethel West in a prior case, *Ethel Lou West v. Attorney General Child Support*, No. 1:15-CV-217-SS.  Ethel and James West assert the Attorney General's child support division opened a child support claim against James West in Ethel West's maiden name without her permission.  Compl. [Dkt. #1] at 1. The Wests further allege the Attorney General's office has "co-hursted & conspired" with multiple federal and state agencies and private businesses, including the Social Security Administration, the Texas Department of Motor Vehicles, the local police, and unnamed potential private employers of Ethel and James West, to harass the Wests.  The complaint alleges the Attorney General's Office has tampered with the Wests' mail and social media accounts, is "GPSing" the Wests' phones, and is "telling jobs not to hire us telling places not to rent to us, and getting any body to co-hurst with them."  *Id.*

2

### III.   ANALYSIS

### A.   Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law.  *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible."  *Denton,* 504 U.S. at 33; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The court must also initially examine the basis for federal subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).  Where the state or a state agency is a defendant, the Eleventh Amendment bars private suits in federal court unless the state has waived, or Congress has abrogated, the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  When Eleventh Amendment immunity applies, it deprives the

court of subject matter jurisdiction. *See, e.g., Ross v. Tex. Educ. Agency*, 409 Fed. App'x. 765, 768 (5th Cir. 2011) (per curiam).

### B.    Discussion

The reasons for dismissal of this claim are largely repetitive of the reasons given for dismissal of Ethel West's prior claim against the Attorney General's Office, *Ethel Lou West v. Attorney General Child Support*, No. 1:15-CV-217-SS. In fact, as to Ethel West, the District Court's Order dismissing her claims without prejudice for lack of subject matter jurisdiction is controlling here. *Michael v. United States*, 616 F. App'x 146 (5th Cir. 2015) (prior dismissal without prejudice for lack of subject matter jurisdiction has res judicata effect on subsequent complaint alleging same facts). Ethel West's prior case concerned the same parties and claims, and Ethel West has presented no new arguments or facts that would change the Court's assessment of the Attorney General's Eleventh Amendment immunity or the frivolousness of Ethel West's underlying claims. *Id.*  (citing *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013)).

James West was not a party to the prior suit.  Nevertheless, the same analysis that applied to Ethel West's conspiracy allegations against the Attorney General applies to these claims when they are brought by James West.   Specifically, Eleventh Amendment immunity bars this damages suit against the Attorney General's Office. *Pennhurst*, 465 U.S. at 101.  Therefore, the undersigned RECOMMENDS dismissal of the complaint for lack of subject matter jurisdiction.

Additionally and in the alternative, the complaint must be dismissed because its unsupported allegations that the Attorney General's office has "co-hursed" with various public and private actors against the Wests are facially implausible, and Plaintiffs have not plead any

supporting facts that would "nudge [these] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In fact, Plaintiffs' allegations that the Attorney General's Office has prevented businesses from hiring the Wests and is tracking their cell phones, causing traffic tickets to be issued, and otherwise inducing unrelated agencies and private actors to persecute the Wests are not just conclusory and implausible, but "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33. Therefore, the undersigned alternatively RECOMMENDS that Plaintiffs' claims be dismissed as frivolous.

The undersigned notes that Plaintiff Ethel West and Plaintiff James Jr. West individually have multiple claims pending before this Court, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness. The present claim, in particular, echoes claims filed earlier this year by Ethel Lou West and dismissed by the District Court pursuant to Section 1915(e). As noted above, James Jr. West is not bound by the Court's judgment against Ethel West, as he was not a party to those prior lawsuits. Nevertheless, given these circumstances, the undersigned specifically warns both Ethel West and James West that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). The Court warns Ethel West and James Jr. West individually that if they continue to file meritless, vague, and impossible claims, whether separately or jointly, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring Ethel West and/or James Jr. West from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

## IV.    RECOMMENDATIONS

The Magistrate Court hereby GRANTS Plaintiffs' Application to Proceed In Forma Pauperis [Dkt. #2].

The undersigned RECOMMENDS the District Court dismiss Plaintiffs' Complaint [Dkt. #1] pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned FURTHER RECOMMENDS the District Court DENY all other pending motions and requests for relief, including but not limited to Plaintiffs' request for appointment of counsel [Dkt. #3].

The Magistrate Court hereby WARNS Plaintiffs that multiple frivolous filings may result in sanctions, including an injunction barring the filing of further complaints without leave of court.

## V.    OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106

S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED November 23, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE